PRICE, Judge.
This is an action seeking to annul a sale of land for lack of consideration, fraud and, in the alternative, lesion beyond moiety.
On November 26, 1966, Lonnie L. Pierce conveyed by cash deed to his former wife, Marie C. Kyle, a 40 acre tract of land in De Soto Parish, Louisiana, for a stated cash consideration of $800.00. Pierce brought this action, alleging no consideration was paid for the property as the defendant, Marie C. Kyle, tricked him into deeding the tract to her on the representation she would re-marry him. He further alleges that after executing the deed to Mrs. Kyle she refused to carry out her promise to marry him. Alternatively, Pierce alleges that should the court find the $800.00 was paid, the property had an actual value of $4,-000.00, and asks that the sale be set aside for lesion beyond moiety.
Plaintiff also named as defendants Sammy C. Cox and his wife, Mary H. Cox, who purchased two acres of the tract involved from Mrs. Kyle. Pierce alleged that Mr. and Mrs. Cox knew of the circumstances surrounding the transfer from Pierce to Mrs. Kyle and that no consideration was paid by her.
Defendants filed a general denial to plaintiff’s petition and by supplemental answer allege an additional consideration to the $800.00 cash recited in the deed, consisting of services rendered to Pierce by Mrs. Kyle with a value in excess of $1,500.00. Defendants contend an agreement was made between Pierce and Mrs. Kyle providing that Pierce would be furnished room, board and laundry services for a specified period of time if he would sell Mrs. Kyle the property for the sum of $800.00. Defendants allege these services were furnished to him for 27 weeks, from December 1, 1966, to May 1, 1967, at an agreed rate of $30.00 per week.
*605 After a trial on the merits, the district judge did not find the evidence sufficient to establish fraud nor to prove no consideration was paid by Mrs. Kyle. However, he did find the sale to be subject to rescission for lesion beyond moiety, subject to the right of Mr. and Mrs. Cox, who were third parties having the right to rely on the public records. The court established the value of the property at $4,000.00 and found Mrs. Kyle had paid $800.00 in cash and had performed services worth $540.00. Under the provisions of La.C.C. Article 2591, the court granted Mrs. Kyle the right to pay the difference between the sum of $1,340.00 previously paid and the actual value of the property of $4,000.00 within 30 days or, on failure to do so, the sale would be ordered rescinded, subject to the rights of Mr. and Mrs. Cox.
Plaintiff perfected this devolutive appeal, assigning as error the trial court’s refusal to rescind the deed because of a failure of consideration, and the trial court’s limiting the value of the property to $100.00 per acre. Defendants have neither appealed nor answered the plaintiff’s appeal, asking for any modification.
Appellant injects a new issue in the case in his brief on appeal. He now contends the deed was a prohibited donation under the provisions of Article 1481 of the La. C.C. precluding a person living in concubinage from making a donation of immovable property to the other party to the relationship. As we find no manifest error in the trial judge’s finding that the transfer in question was a sale and not a donation, it is not necessary to decide the actual relationship between these parties.
The evidence relating to the payment of the consideration and to the question of fraud or misrepresentations consisted principally of the testimony of the parties to the action.
Mrs. Kyle testified Pierce suggested selling her the 40 acre tract for $800.00 if she would furnish him room, board and laundry service for $30.00 a week. She contends he brought her a copy of the executed deed, in return for which she gave him $800.00 cash without any further receipt other than the acknowledgment of the consideration contained in the deed. She contends Pierce paid for nine weeks of rent hut owed for eighteen weeks, amounting to $540.00, when he left her home.
Pierce testified to the contrary that he had moved in with Mrs. Kyle, his former wife, and no agreement existed relative to his paying for room and board. He contends they were discussing re-marriage and that Mrs. Kyle said she would marry him if he would place the 40 acres in question in her name and they would then move into a house situated on that land. He testified as soon as he executed the deed she changed her attitude toward him and began a course of conduct designed to force him to leave.
Based on this evidence the trial judge was of the opinion the plaintiff had not sustained the burden required to prove •his allegations of fraud and misrepresentation. The trial judge relied on the case of Sanders v. Sanders, 222 La. 233, 62 So.2d 284 (1952), wherein the Supreme Court declared that to establish fraud the proof must be exceptionally strong and clear. We think this is a correct expression of the law and that the testimony of one party against the other, without corroboration, is insufficient to establish the proof required.
The question of lesion beyond moiety involves purely factual questions. The trial judge found the total consideration paid to be $1,340.00, choosing to believe the testimony of Mrs. Kyle that she had paid the $800.00 cash and had furnished room and board amounting to $540.00, which was unpaid.
The trial judge established the value of the land at $100.00 per acre for a total of $4,000.00. Although Pierce complains in this Court that the trial judge erred in not fixing the value of the land at a higher figure, the pleadings filed by him in the trial court affixed this same value to the land. The trial judge pointed out that Mrs. *606 Kyle sold two acres to Mr. and Mrs. Cox for the sum of $100.00- per acre, and considered this in arriving at the per acre value of the land.
Although plaintiff offered the testimony of several witnesses who were of the opinion the land had a higher value than $100.00 per acre, they could not qualify as real estate appraisers and cited no sales of comparable lands with which to reinforce their opinion.
It therefore appears that the trial judge used the best evidence available in the record to establish the per acre value of the land.
We can find no manifest error in these factual findings of the trial judge involving to a great extent the credibility of witnesses.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s costs.